IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIE-THERESE H. ASSA'AD-FALTAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:14-CV-678 |
| v. | ) | |
| | ) | |
| TANDY CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION, ORDER, AND JUDGMENT**

Catherine C. Eagles, District Judge.

The plaintiff, Marie-Therese H. Assa'ad-Faltas, filed a complaint against dozens of defendants primarily related to her 2009 arrest in South Carolina. Upon review of Ms. Assa'ad-Faltas' request to file the complaint without paying the filing fee, the presiding Magistrate Judge found the complaint to be frivolous and recommended dismissal. Ms. Assa'ad-Faltas objected. The Court has reviewed the matter de novo and concludes that the Magistrate Judge's Order was appropriate and his Recommendation was correct. The complaint is frivolous and malicious, fails to state a claim, and is part of a pattern of vexatious litigation filed by the plaintiff. This case will be dismissed with prejudice, and the plaintiff is warned that further frivolous filings may result in proceedings leading to a pre-filing injunction or other sanctions.

On August 13, 2014, Marie-Therese H. Assa'ad-Faltas filed a complaint, (Doc. 2), a motion for leave to proceed *in forma pauperis*, (Doc. 1), and a motion for leave to file

electronically. (Doc. 4.) On September 15, the Magistrate Judge entered an Order and Recommendation granting the motion for leave to proceed *in forma pauperis* for the limited purpose of allowing the court to consider a recommendation of dismissal, denying the motion for leave to file electronically, and recommending dismissal of the action under 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious. (Doc. 6.) That same day, the Clerk served the Recommendation on Ms. Assa'ad-Faltas in accordance with 28 U.S.C. § 636(b). (Doc. 7.)

On October 1, Ms. Assa'ad-Faltas filed objections to the Recommendation. (Doc. 8.) On October 3, she filed a renewed motion for leave to file electronically or, in the alternative, to appeal from the Magistrate Judge's Order denying her initial motion. (Doc. 9.) That same day, she filed what she called "Corrected Plaintiff's Preliminary Timely and Specific Objections" to the Magistrate Judge's Recommendation. (Doc. 10.)

Ms. Assa'ad-Faltas focuses most of her objections on an ill-conceived attempt to malign the integrity of the Magistrate Judge. She contends that the Magistrate Judge should have recused himself because his first cousin was a defendant. (Doc. 10 at 7.) The Magistrate Judge disclosed and recited this fact himself, and then accurately and thoroughly discussed the applicable recusal rules under 28 U.S.C § 455. (Doc. 6 at 52-53 n.22.) The Magistrate Judge cited a number of cases that support his conclusion that the relationship of first cousins is not close enough to require automatic recusal. (*Id.*) There are many others. *E.g.*, *Superior Pontiac Buick GMC, Inc. v. Nissan N. Am., Inc.*, No. 08-10642, 2012 WL 1891003, at *3 (E.D. Mich. May 24, 2012) ("Without question, the relationship of first cousins does not call for mandatory recusal."), *appeal dismissed*, No.

12-1762 (6th Cir. Aug. 29, 2012); *Haga v. Johnson*, No. 2:09cv203, 2010 WL 2680543, at *3 (E.D. Va. May 12, 2010), *report and recommendation adopted in relevant part*, No. 2:09cv203, 2010 WL 2680549 (E.D. Va. July 6, 2010); *United States v. Halat*, Nos. 2:96cr30KS-MTP, 2:07cv99KS-MTP, 2008 WL 1776491, at *1 (S.D. Miss. Apr. 18, 2008); *see also United States v. Damper*, 353 F. App'x 926, 927 (5th Cir. 2009) (per curiam) (noting that litigant did not challenge determination that first cousins are not related to the third degree); *Conaway v. Polk*, No. 1:98CV1117, 2008 WL 4790107, at *2 (M.D.N.C. Oct. 24, 2008) (noting that first cousins once removed are related to the fifth degree, consistent with first cousins being related to the fourth degree).

While Ms. Assa'ad-Faltas maintains that "[t]he weight of authority [holds that] first cousins *are* third degree relatives," the two cases she cites for this proposition do not support her contention. (Doc. 10 at 7, 12.) *Moran v. Clarke*, 296 F.3d 638 (8th Cir. 2002), concerns social relationships, not familial ones. *See id.* at 648-49. *Watson v. Fort Worth Bank & Trust*, 856 F.2d 716 (5th Cir. 1988), is completely silent on any issue related to recusal or family relationships.[1] The regulation she cites, 29 C.F.R. § 1635.3, is specific to the Genetic Information Nondiscrimination Act. Otherwise, Ms. Assa'ad-Faltas spends many pages reciting marriage laws from thirty states, (*see* Doc. 10 at 8-12),

---

[1] Ms. Assa'ad-Faltas may have meant to cite *In re Faulkner*, 856 F.2d 716 (5th Cir. 1988), another case with the same West table citation as *Watson*, which discusses whether a judge's involvement in a criminal case in which his first cousin was a key participant in underlying transactions constituted an appearance of impropriety. *Id.* at 718-21. That case is also not on point. The court ordered recusal under § 455(a) and never mentioned § 455(b)(5) or whether a first cousin is within the third or fourth degree of relationship. The court found an appearance of impropriety because the judge had discussed the transactions at issue with his cousin and because the nature of the relationship between the judge and his cousin was close, "more like that of a 'brother and sister.'" *See id.* at 718-19, 721. Neither situation exists here.

3

and provides a lengthy block quote purporting to be testimony from some earlier trial. (*See* Doc. 10 at 17-24.) The purpose of these recitations is mysterious.

Nor are her claims of an appearance of partiality convincing. She has presented nothing that calls into question the nature of the relationship that the Magistrate Judge forthrightly disclosed. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (quotation marks omitted). Rather, the probability that a judge will decide a case on a basis other than the merits must be more than trivial, as evaluated by a reasonable, well-informed outside observer who is not hypersensitive or unduly suspicious. *Id.*; *see also Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (holding that the standard is objective and noting that a subjective approach would be inappropriate "[b]ecause some people see goblins behind every tree").

The type of speculation engaged in by Ms. Assa'ad-Faltas in her objections does not establish a basis for disqualification. Unsupported personal attacks and repetitive conclusory opinions of bias are not evidence of partiality; rather, they establish that the litigant seeks the Magistrate Judge's recusal because she dislikes his rulings. No reasonable, objective, well-informed observer assessing all the facts and circumstances would have any doubts about the Magistrate Judge's impartiality, and her objections to his impartiality are a pretext.[2] *See Mason*, 916 F.2d at 386 (noting that when a party

---

[2] As noted in *Liteky v. United States*, 510 U.S. 540 (1994), "the recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, . . . but to prevent his future action in the pending cause.'" *Id.* at 549 (quoting *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913)). The Fourth Circuit recently emphasized this point:

4

raises trivial risks, that party's "real fear may be that the judge will *apply* rather than disregard the law").

Moreover, the recusal issue is a red herring. Given Ms. Assa'ad-Faltas's objections, the Court has reviewed the Magistrate Judge's conclusions and analysis *de novo*. The Court finds nothing incorrect in the Magistrate Judge's temperate, thorough, and well-reasoned Recommendation.

Indeed, Ms. Assa'ad-Faltas makes very few arguments on the merits of the Magistrate Judge's Order and Recommendation, and those arguments are, like the complaint, frivolous and without merit. The Magistrate Judge carefully and accurately reviewed the allegations of the complaint, correctly recited some of Ms. Assa'ad-Faltas' prior and closely related litigation, and provided a thoughtful and detailed analysis of the complaint and legal issues it raises on review under § 1915. The Court agrees entirely with the Magistrate Judge's review and analysis. The Magistrate Judge explained the many reasons for the conclusion that the complaint was legally and factually frivolous, and the Court reaches the same conclusion after an independent determination. While the Court need not repeat all of the reasons for the Magistrate Judge's conclusion, the Court will mention a few in summary form.

---

"[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011); *see also Mason*, 916 F.2d at 386 (noting that if trivial risks "were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons").

Venue is not appropriate in this district, the complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to identify which claims pertain to which defendants, the defendants have been improperly joined, Ms. Assa'ad-Faltas is prohibited from proceeding on behalf of a class, the Eleventh Amendment bars her claims against the State of South Carolina and various agencies and officials in their official capacities, and her claims against judges and prosecutors are barred by well-established immunity doctrines. Many allegations are irrational, wholly incredible, and fantastic; for example, Ms. Assa'ad-Faltas makes a conclusory allegation that a police department's "corruption and incompetence" related to her arrest for harassing phone calls has "reached such severity as to compromise national security," (Doc. 2 at p. 7 ¶ 3), and elsewhere alleges a conspiracy by the defendants to cause her death. (Doc. 2 at p. 21 ¶ 151.) She seeks types of relief unauthorized by law on claims barred by statutes of limitations. Similar, if not identical, claims made by Ms. Assa'ad-Faltas in other courts have also been dismissed as legally deficient, frivolous, or both. (Doc. 6 at 8-10.)

Ms. Assa'ad-Faltas states that she has more reasons for disagreeing with the Magistrate Judge's Recommendation and asks for leave to file additional objections if the Court disagrees with her position on recusal. (Doc. 10 at 25.) She could have dealt with more substantive objections within the page limits if she had not included so much extraneous and irrelevant information and had refrained from repeating her personal opinions. Moreover, policy reasons advise against allowing litigants a second bite at the apple as a general rule, and there is no reason not to hold Ms. Assa'ad-Faltas to the consequences of her strategic decisions. *See, e.g.*, *Potter v. Potter*, 199 F.R.D. 550, 553

(D. Md. 2001) (opinion of Grimm, M.J.) (noting that when litigants seek relief from the court, "they are obligated to insure that [their filings are] complete with respect to facts, law and advocacy" and that to hear new arguments after issuing a ruling would result in "a potentially endless serial that would exhaust the resources of the parties and the court"), *quoted with approval in Pinney v. Nokia, Inc*., 402 F.3d 430, 453 (4th Cir. 2005). Ms. Assa'ad-Faltas has not shown good cause for her request to file successive objections. Moreover, further objections would be futile, given that the Court has already undertaken a *de novo* review.

The Magistrate Judge accurately summarized the allegations of the complaint, correctly analyzed it under § 1915(e), and rightly determined that this litigation is a malicious continuation of Ms. Assa'ad-Faltas' decades-long pattern of frivolous, bad-faith litigation that has taxed the federal court system. The Court adopts the findings and analysis of the Recommendation in full. The Court further finds that dismissal with prejudice is appropriate, given that Ms. Assa'ad-Faltas has repeatedly filed frivolous litigation over the incidents at issue here, all without success.

In the alternative, the Court finds that Ms. Assa'ad-Faltas has violated the Local Rules in significant ways, which justify striking her objection, appeal, and motion. Ms. Assa'ad-Faltas has filed typed, single-spaced writings in a font size significantly smaller than authorized and containing significantly more lines of text per page than allowed, all in violation of Local Rule 7.1(a). These violations make her documents difficult to read and undeserving of the attention the Court has given them. Even with the single spacing, small font, and excessive lines of text, the objections exceed this Court's page limits

without permission.  *See* L.R. 72.4 (limiting objections to a magistrate judge's recommendation to twenty pages).  Ms. Assa'ad-Faltas is obviously aware of the Local Rules because her motion seeking to file documents electronically specifically cites them. (*See* Doc. 4.)  These violations justify striking her documents.  Upon review in the absence of any objection, dismissal as recommended is appropriate.

In her objections, Ms. Assa'ad-Faltas includes statements in the part of the document that would ordinarily be a short description or title indicating that she is moving and applying for additional relief.  (*See* Doc. 8 at 1, Doc. 10 at 1 (attempting, arguably, to move for, *inter alia*, certification of questions to the Fourth Circuit and change of venue).)  To the extent these words can be read as motions, she has not filed a brief in support as required by Local Rule 7.3, and they are frivolous on their face.

Recently, after filing her objection and appeal, Ms. Assa'ad-Faltas filed additional documents.  (Docs. 11, 12.)  These materials also violate the Local Rules on spacing, font size, and limits on lines of text, and, to the extent they purport to be objections, they are not timely.  Because of these violations of the Local Rules, these documents are stricken from the record.

It is **ORDERED AND ADJUDGED** that:

1. This action is filed and dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) for the reasons stated by the Magistrate Judge and herein.

2. The plaintiff's motion for leave to file electronically, (Doc. 9), is **DENIED** as moot, and all other motions or requests for relief made by the plaintiff are **DENIED** as frivolous and for violating the Local Rules.

8

3. The documents the plaintiff filed at ECF Docket 11 and ECF Docket 12 are **STRICKEN** from the record.

4. Marie-Therese H. Assa'ad-Faltas is **WARNED** that any further documents she files in the Middle District of North Carolina that violate the Local Rules on legibility, spacing, font, line limits, and page limits are subject to being stricken *sua sponte* and without notice or opportunity to file corrected documents.

5. Marie-Therese H. Assa'ad-Faltas is **WARNED** that further submission of frivolous or malicious material in this district or any other federal court may result in entry of an order to show cause why she should not face sanctions, including a pre-filing injunction.

This the 21st day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE